UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MICHAEL E. BRUENING,

        Defendant.

Case No. 16-CR-112-PP

---

**ORDER ADOPTING MAGISTRATE JUDGE JONES' RECOMMENDATION (DKT. NO. 28) AND DENYING DEFENDANT'S MOTION TO SUPPRESS (DKT. NO. 20)**

---

**INTRODUCTION**

      The grand jury charged defendant Michael E. Bruening with distributing child pornography, possession of child pornography and possession of obscene visual representations of the sexual abuse of children. Dkt. No. 1 at 1. The defendant filed a motion to suppress. Dkt. No. 20. Specifically, he argued that the warrant used to obtain evidence against him was not supported by probable cause. Dkt. No. 20 at 1. Magistrate Judge Jones has issued a report, recommending that the court deny the motion to suppress. Dkt. No. 28. The defendant objected to the report and recommendation. Dkt. No. 32. The court adopts Judge Jones' recommendation, and denies the defendant's motion to suppress.

1

**DISCUSSION**

Judge Jones recounts that the National Center for Missing and Exploited Children issued a report that the defendant had uploaded child pornography onto Tumblr. Dkt. No. 28 at 1. Law enforcement used this information to obtain a search warrant for the defendant's home, where they found a hard drive containing a number of images of child pornography and a cell phone "that contained computer-generated drawings depicting prepubescent boys being sexually assaulted by adult men." Id. The defendant argued in the motion to suppress that there was no probable cause for issuance of the search warrant, because it was based on one sexually explicit video uploaded to Tumblr five months prior to the issuance of the warrant. Id. at 7. He argued that the affidavit in support of the warrant did not establish that the individual in the video was a minor, that it did not establish that the person who uploaded the video knew the person in it was a minor, and that the information was stale by the time the warrant issued. Id.

Judge Jones disagreed with the defendant on all fronts. The defendant argued that, rather than relying on a doctor from the Child Protection Center at Children's Hospital of Wisconsin and a detective to conclude that the person in the video was a minor, investigating officers should have shown the video to the judge who issued the warrant. Id. at 7. Judge Jones rejected that argument, finding that the defendant essentially argued that the officers were required "to establish to a near certainty that the individual depicted in the video was a

2

minor." Id. at 8. Judge Jones held that the probable cause standard was not nearly so stringent. Id.

The defendant also argument that the affidavit failed to establish probable cause that the person who uploaded the video knew the person in it to be a minor. Id. at 10. Again, Judge Jones found that the officers could reasonably make that inference, given what they'd seen in the video and what the doctor had said. Id.

The defendant argued that the information provided by the National Center for Missing and Exploited Children was stale, because the video was uploaded to Tumblr months before the search warrant issued. Id. Judge Jones found that the Seventh Circuit's decision in United States v. Seiver, 692 F.3d 774 (7th Cir. 2012), which noted that courts must view staleness differently in the context of modern technology and the behaviors of those who use it. Id. at 11.

The court agrees with all of these conclusions. It also agrees with Judge Jones' finding that, even if the affidavit had not been supported by probable cause, "the evidence seized from the defendant's home still would be admissible pursuant to the good-faith exception to the exclusionary rule." Id. at 13. In his objection, the defendant disagreed with Judge Jones' decision that the record does not establish that the warrant was not so lacking in probable cause as to render the officer's belief in its existence entirely unreasonable. Dkt. No. 32 at 4. The court, as did Judge Jones, finds otherwise.

3

"The good-faith exception precludes application of the exclusionary rule when law enforcement reasonably and in good faith believed that a search was lawful." United States v. Patrick, 842 F.3d 540, 551 (7th Cir. 2016) (citing United States v. Tomkins, 782 F.3d 338, 349 (7th Cir. 2015)). "Searches pursuant to a warrant will rarely require any deep inquiry into reasonableness, for a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search." U.S. v. Leon, 468 U.S. 897, 922 (1984) (quotations and citations omitted). There are some circumstances, however, that may demonstrate a lack of good faith. Id. at 922-23. In U.S. v. Leon, the Supreme Court discussed some of these circumstances:

> Suppression therefore remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth. The exception we recognize today will also not apply in cases where the issuing magistrate wholly abandoned his judicial role in the manner condemned in *Lo–Ji Sales, Inc. v. New York*, 442 U.S. 319, 99 S.Ct. 2319, 60 L.Ed.2d 920 (1979); in such circumstances, no reasonably well trained officer should rely on the warrant. Nor would an officer manifest objective good faith in relying on a warrant based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Finally, depending on the circumstances of the particular case, a warrant may be so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid.

Id. (citations and footnotes omitted).

Here, the defendant argues that the officers should have known that the warrant was not issued pursuant to a reasonable finding of probable cause because (1) the officers unreasonably relied on the medical doctor's finding that the child depicted in the video at issue was a minor and (2) the officers unreasonably relied on outdated information. Dkt. No. 32 at 4-5.

It was not unreasonable for the officer to rely on the doctor's medical opinion of the age of the person in the video. The doctor worked at the Children's Hospital of Wisconsin, and she based her opinion on the "apparent pubertal stage and general appearance of the male." Dkt. No. 28 at 3. The doctor was arguably more qualified than the officer or a judge to determine the age of the person in the video. Second, although the video was uploaded six months prior to the officer's application for a search warrant, the officer's investigation prior to applying for the warrant produced emails exchanged prior to the video upload that suggested a pattern of similar activity. Dkt. No. 20-1 at 7-8.

The court agrees with Judge Jones that there was no reason for the officers who obtained the warrant, or the officers who executed it, to hesitate to rely on the warrant. The affidavit supporting the warrant was not misleading. The judge who issued it did not "wholly abandon his judicial role." The warrant was not facially deficient, or so lacking in probable cause that it would be unreasonable for an officer to rely on it.

5

**CONCLUSION**

The court finds that the search of the defendant's home did not violate his Fourth Amendment rights.

The court **ADOPTS** Judge Jones' recommendation (Dkt. No. 28), and **DENIES** the defendant's motion to suppress (Dkt. No. 20).

Dated in Milwaukee, Wisconsin, this 27th day of December, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge